UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL PRINCE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KRIS KOBACH, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 20-3264 |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

To the extent the Court identifies factual allegations in this lengthy and disorganized complaint, plaintiff appears to raise claims pertaining to the presidential election of 2016 and alleged irregularities associated with it. It is unclear what harm plaintiff himself has sustained

because of the election, and insofar as he raises general grievances about the government and its elected officials, he fails to demonstrate standing to sue.  "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."  *Lujan*, 504 U.S. at 573-74; *see Olumide v. U.S. Attorney Gen.*, No. 20-5135, 2020 WL 6600952, at *1 (D.C. Cir. Oct. 19, 2020) (per curiam) (affirming dismissal of "claim that it is unlawful for a member of Congress to change political parties, because he has identified no particularized injury to himself resulting from such a practice"); *Lance v. Cruz*, No. 16-CV-1224, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (rejecting argument that particular presidential candidate's "presence on the ballot will somehow damage [plaintiff's] rights as a voter . . . constitute[s] a sufficiently particularized injury to establish standing under Article III").

Because plaintiff fails to demonstrate standing, the Court lacks subject matter jurisdiction over his claims.  Therefore, the complaint must be dismissed.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 16, 2020                    /s/
                                           KETANJI BROWN JACKSON
                                           United States District Judge